UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cr-20520-Rosenberg

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VINCENTE PEZZOTTI,

    Defendant.

_____/

FILED BY KJZ D.C.
Jun 14, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

## I.  Background

The Defendant, VINCENTE PEZZOTTI, appeared before the Court on June 11, 2021, for a final hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") [DE 126]. At the hearing, Defendant and his counsel advised the Court that Defendant wished to admit certain of the supervised release violations pending against him. The Court therefore engaged in a colloquy with Defendant to ensure that his admissions were knowing and voluntary.

Defendant waived his right to be physically present in the Courtroom and consented to appear via Zoom video conference (VTC) for the hearing. The Court found that Defendant knowingly and voluntarily and with the advice of competent counsel waived his personal presence in the courtroom on June 11, 2021 and agreed to appear by Zoom VTC for the hearing. Because the Court also found that the hearing could not be delayed without serious harm to the interests of

justice, the hearing was conducted by Zoom VTC.

Defendant was originally convicted in the Southern District of Florida of conspiracy to possess with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 846, a Class C felony. On January 9, 2015, the Honorable Robin L. Rosenberg, United States District Judge, sentenced Defendant to 57 months in prison followed by a three-year term of supervised release. Defendant's term of supervised release commenced on August 31, 2018.

On August 6, 2019, a Report on Offender Under Supervision requesting no action was submitted to the Court due to Defendant testing positive for cocaine on July 1, 2019 and July 17, 2019. The Court concurred with the recommendation to take no action and to allow Defendant to participate in substance abuse treatment. On December 5, 2019, a Request for Modifying the Terms and Conditions of Supervised Release was submitted to Court after Defendant was arrested on November 24, 2019, by the Broward Sheriff's Office for Count 1: Touch or Strike/Battery/Dating Violence, in violation of Fla. Stat. 784.03 lAl(HGD); and Count 2: Obstructing Justice/Hindering Communication with Law Enforcement, in violation of Fla. Stat. 914.221(2). The Court concurred with U.S. Probation's recommendation and modified Defendant's term of supervision to include participation in the Location Monitoring Program for 120 days.

Defendant is now charged with the following violations of his supervised release conditions in the Petition [DE 126]:

1. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about October 26, 2020, in Palm Beach County, Florida, Defendant committed the offense of Driving While License Suspended/Revoked, contrary to Florida Statute 322.34(2)(a).
2. **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being questioned by a law enforcement officer. On or about October 26, 2020, Defendant was questioned by Florida Highway Patrol and failed to advise his probation

      officer.
3. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On February 8, 2021, Defendant was instructed to submit to drug testing and failed to do so.
4. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On or about February 8, 2021, Defendant used marijuana as evidenced by his own admission on February 22, 2021. He also signed the Admission of Drug Use form.
5. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 16, 2021, in Miami-Dade County, Florida, Defendant did commit Driving While License Suspended/Revoked, contrary to Florida Statute 322.34(2)(a).
6. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On February 25, 2021, Defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory.

## II.    Summary of Hearing

At the June 11, 2021 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a final revocation hearing.

Additionally, after being advised of his rights and the maximum penalties he is facing (two years in prison followed by a lifetime term of supervised release minus any term of imprisonment imposed), Defendant admitted to allegations # 2, 3, 4, and 6, as alleged in the Petition. The Court finds that Defendant made his waiver and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to allegations # 2, 3, 4, and 6, as well as its review of the record, the Court finds by a preponderance of the evidence that Defendant committed allegations # 2, 3, 4, and 6 as alleged in the Petition [DE 126]. The Government presented no evidence to support that Defendant committed allegations

# 1 or 5 and recommended that the Court dismiss allegations # 1 and 5.

### III.     Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable Robin L. Rosenberg, United States District Judge, find that Defendant has violated the terms and conditions of his supervised release as alleged in violations # 2, 3, 4, and 6 of the Petition [DE 126]. The Court further recommends that Judge Rosenberg dismiss allegations # 1 and 5. Finally, the Court recommends that Judge Rosenberg schedule a sentencing hearing on allegations # 2, 3, 4, and 6.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Robin L. Rosenberg. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of June, 2021.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge